UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| TIMOTHY CHARLES HOLMSETH, | Case No. 16-CV-2496 (JRT/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| CITY OF GRAND FORKS; UNIVERSITY OF NORTH DAKOTA; STATE OF NORTH DAKOTA; COUNTY OF GRAND FORKS; and ALTRU HEALTH SYSTEMS, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Timothy Charles Holmseth's Application to Proceed in District Court Without Prepaying Fees or Costs. [Docket No. 2].

Plaintiff commenced this action by filing a motion for emergency injunctive relief against the named defendants, seeking to have those defendants turn over evidence of malfeasance. "A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Holmseth has not filed a complaint. Without a complaint, this matter is not properly before the Court for consideration.

If Holmseth's motion for injunctive relief — the only substantive document filed in this matter — were itself interpreted as being a complaint, this Court would still recommend that this action be dismissed. Rule 8(a)(1) of the Federal Rules of Civil Procedure requires that a plaintiff allege "a short and plain statement of the grounds for the court's jurisdiction." Holmseth has not cited a basis for the Court's subject-matter jurisdiction, and no such basis appears on the face of the

complaint. For example, Holmseth does not allege the state citizenship of the parties,[1] and thus the complaint does not establish that jurisdiction exists on the basis of the parties' diversity of citizenship. *See* 28 U.S.C. § 1332(a). Holmseth does not seek relief pursuant to a federal statute or cause of action — in fact, Holmseth does not at any point allege the legal basis upon which he is bringing this lawsuit — and thus this action does not arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Without subject-matter jurisdiction, the Court cannot allow this lawsuit to proceed. *See* Fed. R. Civ. P. 12(h)(3).

This is not the end of Holmseth's problems. Even if Holmseth had filed a complaint, and even if that complaint had identified a legally cognizable claim, and even if the Court had subject-matter jurisdiction over that claim, this action would not be filed in the appropriate venue. Under 28 U.S.C. § 1391(b),

> A civil action may be brought in
>
> > (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> >
> > (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> >
> > (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] The citizenship of the governmental defendants can be inferred, *see Moor v. Alameda County*, 411 U.S. 693, 717-18 (1973), but neither Holmseth's state of citizenship nor that of defendant Altru Health Systems is known to the Court or obvious from the complaint.

Holmseth does not allege that each of the named defendants resides in the State of Minnesota indeed, this seems impossible, considering that several of the defendants are governmental entities located within the State of North Dakota. Section 1391(b)(1) therefore does not make the District of Minnesota an appropriate venue for this case. Holmseth seeks the release of evidence possessed by North Dakota governmental entities concerning misconduct alleged to have been committed by North Dakota law-enforcement officials inside the State of North Dakota. As far as this Court can tell, none of the events or omissions giving rise to Holmseth's claims, whatever those claims might be, occurred within or have any connection to the State of Minnesota. Section 1391(b)(2) therefore does not make the District of Minnesota an appropriate venue for this case, either. And because, by all appearances, this action could have been brought in the United States District Court for the District of North Dakota, § 1391(b)(3) does not allow for the District of Minnesota to be an appropriate venue, either.

Each of these infirmities   the absence of a complaint, this Court's lack of subject-matter jurisdiction, the inappropriateness of this District as a venue   is sufficient grounds for dismissal of this action without prejudice. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); 28 U.S.C. § 1406(a). That is precisely this Court's recommendation.

**RECOMMENDATION**

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1.   This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE**; and

2. Plaintiff Timothy Charles Holmseth's application to proceed *in forma pauperis*, [Docket No. 2], be **DENIED AS MOOT**.

Dated: August 8, 2016    s/Leo I. Brisbois
  Leo I. Brisbois
  United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.